UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOREY CHAPMAN,

          Plaintiff,

v.                                         Case No. 23-cv-954-pp

CO CARR,

          Defendant.

**ORDER GRANTING PLAINTIFF'S REQUESTS TO REOPEN CASE (DKT. NOS. 9, 10), VACATING JUDGMENT AND ORDER DISMISSING CASE (DKT. NOS. 7, 8), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

      Jacorey Chapman, who is incarcerated at Racine Youthful Offender Correctional Facility and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant was involved in a car accident while she was driving the plaintiff to a doctor appointment. Dkt. No. 1. On September 18, 2023, the court dismissed the case without prejudice because the plaintiff did not pay the initial partial filing fee. Dkt. No. 7. On September 27 and 28, 2023, the court received from the plaintiff two requests asking the court to reopen the case; he explains that he timely asked institution staff to pay the initial partial filing fee and he has submitted a disbursement request that shows that institution staff approved his request to pay the fee. Dkt. Nos. 9, 9-1, 10. In addition, institution staff contacted the court's staff and stated that the plaintiff had timely requested payment of the initial partial filing fee and

1

that institution staff had mailed the fee to the wrong address.[1] This decision grants the plaintiff's requests to reopen case, resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, screens his complaint and dismisses the case because the court lacks subject-matter jurisdiction.

I. **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 10, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $13.35. Dkt. No. 6. The court received that fee on September 29, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

---

[1] One of the documents the plaintiff provided the court was a September 18, 2023 letter from Milwaukee County Circuit Court Chief Judge Carl Ashley's judicial assistant to the plaintiff, informing him that she was returning his check for $13.35 because "[t]he federal court is a separate entity from this office." Dkt. No. 10 at 2. This indicates that the institution mailed the initial partial filing fee to the Milwaukee County Circuit Court, rather than mailing it to the Eastern District of Wisconsin (this court).

2

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The complaint alleges that on April 18, 2023, while driving to a doctor's appointment at Froedtert Hospital in Wauwatosa, Wisconsin, and "while in the care of C.O. Carr we [presumably the plaintiff and C.O. Carr] w[]ere involved in a car accident d[ue] to her not paying attention[.]" Dkt. No. at 2. The complaint asserts that the police were called, an incident report was filed and the plaintiff was taken to the emergency room due to "minor head, neck & back pains from hitting [his] head." Id. The plaintiff alleges that he is suing under state law for $100,000 and that he wants to be moved to a different jail. Id. at 3.

C.   Analysis

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). At most, the plaintiff has stated a claim for the state-law tort of negligence. Under Wisconsin law, a claim for negligence requires the plaintiff to allege the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. Paul v. Skemp, 242 Wis.

2d 507, 520 (Wis. 2001). But a federal court does not have jurisdiction to decide cases that involve only state-law claims unless a plaintiff can demonstrate that the court has diversity jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. §1332. The plaintiff seeks $100,000 in damages, but he has not alleged that he and the defendant are citizens of different states. In fact, his complaint alleges that he and the defendant both are citizens of Wisconsin. Dkt. No. 1 at 1-2. Because the complaint does not allege a violation of a federal law or the federal Constitution, and because the plaintiff and defendant both live in the same state, this federal court does not have subject-matter jurisdiction over the plaintiff's state-law claim against the defendant.

"The federal courts are courts of limited jurisdiction, and . . . have an obligation at each state of the proceedings to ensure that [they] have subject matter jurisdiction over the dispute." Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013). If a federal court does not have subject matter jurisdiction, it must dismiss a case. See e.g, United States v. Furando, 40 F.4th 567, 576 (7th Cir. 2022). See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court generally will give a litigant at least one chance to amend a complaint before dismissing the complaint with prejudice and entering final judgment, but it need not do so where the amendment would be futile. See Zimmerman v. Bornick, 25 F.4th

491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015). But it would be futile to allow the plaintiff to amend his complaint because he has sued the defendant under state law, and both he and the defendant are citizens of Wisconsin.

The court notes, however, that it is dismissing the plaintiff's state law claim *without prejudice,* which means that he is free to file a law suit in *state* court.

### III. Conclusion

The court **GRANTS** the plaintiff's requests to reopen the case. Dkt. Nos. 9, 10.

The court **ORDERS** that the court's order dismissing this case (Dkt. No. 7) and the judgment (Dkt. No. 8) are **VACATED**.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the court lacks subject-matter jurisdiction over the plaintiff's claim. The court will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$336.65** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

6

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Racine Youthful Offender Correctional Facility, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of Judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 26th day of October, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**